

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SYLVIA MORENO, | § | No. 08-12-00106-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 7 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20100C13709) |
| | § | |

## **O P I N I O N**

Sylvia Moreno appeals the trial court's judgment convicting her of driving while intoxicated (DWI) and sentencing her to 30 days in jail. In a single issue, Moreno challenges the sufficiency of the evidence sustaining her conviction. We affirm.

### **FACTUAL AND PROCEDURAL BACKGROUND**

El Paso Police Officer Emiliano Nevarez responded to a late-night dispatch call concerning a two-vehicle accident. When he arrived on the scene, Officer Nevarez encountered Moreno, who admitted to him that she struck the rear end of the other vehicle and had earlier consumed alcohol. Nevarez smelled a strong odor of alcohol on Moreno's breath and noticed that she had red, bloodshot eyes and was swaying. With Moreno's permission, Nevarez conducted several field sobriety tests. Moreno exhibited all six clues of intoxication on the horizontal gaze nystagmus test, five of eight clues of intoxication on the walk-and-turn field test, and three of four

clues of intoxication on the one-leg-stand test.

Based on Nevarez's observations and field testing, he placed Moreno under arrest for DWI. Following her arrest, Moreno voluntarily submitted two breath samples on an Intoxilyzer machine. Taken approximately one hour after the accident, the tests showed Moreno's breath-alcohol level to be 0.203 grams of alcohol per 210 liters of breath and 0.212 grams of alcohol per 210 liters of breath.

The State charged Moreno with misdemeanor DWI. *See* TEX.PENAL CODE ANN. § 49.04 (West Supp. 2012). At trial, the contested issue was whether Moreno was intoxicated. The jury initially informed the trial court that it was deadlocked, but after receiving an instruction to continue deliberating, subsequently found Moreno guilty.

## SUFFICIENCY OF THE EVIDENCE

Moreno contends that the evidence is insufficient to sustain her conviction because the State failed to prove that she was intoxicated. We disagree.

### *Standard of Review*

The legal sufficiency standard articulated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), is the only standard a reviewing court applies in determining whether the evidence is sufficient to support a conviction. *Brooks v. State*, 323 S.W.3d 893, 894-95 (Tex.Crim.App. 2010). When reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the verdict to determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the offense beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), *quoting Jackson*, 443 U.S. at 318-19, 99 S.Ct. at

2

2788-89.

Under a legal sufficiency review, we may not substitute our judgment for that of the jurors, who are the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given to the evidence. *Williams v. State*, 235 S.W.3d 742, 750 (Tex.Crim.App. 2007). We therefore defer to the jurors' resolution of these issues and to their responsibility to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13, *citing Jackson*, 443 U.S. at 318-19, 99 S.Ct. at 2788-89. In resolving what the facts are and what reasonable inferences may be drawn from them, the jurors may accept one version of the facts and reject another, and they may reject any part of a witness's testimony, even if uncontradicted. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000), *overruled on other grounds*, *Laster v. State*, 275 S.W.3d 512 (Tex.Crim.App. 2009); *Henderson v. State*, 29 S.W.3d 616, 623 (Tex.App.--Houston [1st Dist.] 2000, pet. ref'd).

## *Applicable Law*

A person commits DWI if she is intoxicated while operating a motor vehicle in a public place. TEX.PENAL CODE ANN. § 49.04(a); *Sierra v. State*, 280 S.W.3d 250, 254 (Tex.Crim.App. 2009). The State can prove intoxication by establishing the defendant had an alcohol concentration of at least 0.08—the "per se" theory—or by proving the defendant did not have the normal use of mental or physical faculties by reason of the introduction of alcohol or another substance—the "impairment" theory. *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex.Crim.App. 2010); *see* TEX.PENAL CODE ANN. § 49.01(2)(A), (B)(West 2011). These theories are not mutually exclusive. *Kirsh*, 306 S.W.3d at 743.

## *Discussion*

3

When viewed in the light most favorable to the verdict, the evidence is sufficient to prove Moreno was intoxicated. Moreno admitted at trial that she consumed two beers before the accident and two and one-half with her father earlier in the day. At the scene of the accident, Nevarez noticed that Moreno was swaying, had bloodshot eyes, and smelled of alcohol. Moreno's poor performance on the three field sobriety tests indicated that she was impaired, both physically and mentally, by alcohol. The two breath-test results showed that Moreno's breath alcohol concentration was more than two and one-half times the legal limit. Based on such evidence, the jury could have rationally concluded that Moreno was intoxicated. *See Bolen v. State*, 321 S.W.3d 819, 823 (Tex.App.--Amarillo 2010, pet. ref'd)(evidence that appellant admitted to officers that he had consumed "a 12-pack," that officers noticed appellant smelled of alcohol and had bloodshot eyes and slurred speech, that appellant performed poorly on field sobriety tests, and that breathalyzer results established appellant had breath alcohol concentrations above the legal limit was sufficient to prove appellant was intoxicated).

Moreno argues the State failed to prove that she was intoxicated through the "per se" theory because she presented evidence contradicting the breath-test results. According to Moreno, the breath-test results are insufficient to prove intoxication because there was: (1) evidence that she did many things well on the field sobriety tests and was not slurring her words or falling down; and (2) testimony that she was not intoxicated. But Moreno's argument is unpersuasive. The reconciliation of conflicts in the evidence is within the exclusive province of the jury—not an appeals court. *See Margraves*, 34 S.W.3d at 919; *Henderson*, 29 S.W.3d at 623. That the jury chose not to believe Moreno, her family, and her counsel's arguments and insinuations was its prerogative, and in conducting our legal sufficiency review, we are prohibited

4

from re-evaluating the weight and credibility of this evidence or substituting our judgment for that of the jury. *See Williams*, 235 S.W.3d at 750. In light of the evidence presented by the State, the jury was free to believe that Moreno was intoxicated notwithstanding Moreno's argument to the contrary.

Moreno also asserts that the State failed to prove that she was intoxicated through the "impairment" theory because Nevarez "testified that he made no determination whether [she] had the normal use of her mental and physical faculties[.]" But the record belies Moreno's assertion. On redirect examination, Nevarez was asked "Based on your training and experience and what you observed that night, is it your opinion that the defendant did not have full control of her mental and physical faculties?" Nevarez replied "That is correct, sir."

Moreno's issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

October 9, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

5